**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

CHRISTOPHER L. MANSKA,                    Civil No. 10-2277 (DWF/JJK)

        Petitioner,
v.                                                                **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

        Respondent.

_____

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is an inmate at the St. Louis County Jail in Duluth, Minnesota. It appears that he is currently being held in jail while awaiting trial on pending state criminal charges for "felony fleeing" and "driving after cancellation." (Petition, p. 1.)

As far as the Court can tell, Petitioner has filed some type of pre-trial motion(s) in

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

his state criminal case, seeking to suppress certain evidence that allegedly was obtained by means of an allegedly illegal arrest. Petitioner might have also raised some pre-trial discovery issues in his state criminal case. Evidently, the trial court has not granted all, (or perhaps any), of the relief that Petitioner has requested during the course of the pre-trial proceedings in his criminal case.

Petitioner has applied to the Minnesota Court of Appeals for discretionary review of the trial court's pre-trial rulings. (Petition, p. 2, §§ 10, 11.) He has described the grounds raised in that application as follows:

> "Unlawful stop and arrest, no particularized and objective basis. Intentional, discriminatory enforcement, distinction between a dirt bike and motorcycle. Misrepresentation of facts, information, fabrication in all 3 reports. Prosecution intentionally knowingly offered false evidence to the court and failed to seek withdrawal upon disclosure of falsity, by the defendant."

(Id., § 11(a)(3).)

The Minnesota Court of Appeals denied Petitioner's request for discretionary review on February 23, 2010. (Id., § 11(a)(5) - (6).) Petitioner next asked the Minnesota Supreme Court to review the pre-trial proceedings in his criminal case, but that request was denied on May 18, 2010. (Id., § 11(b).)

Petitioner's current federal habeas corpus petition presents renewed challenges to the trial court's pre-trial rulings in his still-pending state criminal case. The current petition lists four grounds for relief. Although Petitioner has done a very poor job of pleading his claims, it is readily apparent that he is now asking the Federal District Court

to review and overturn the state trial court's prior rulings on several pre-trial issues.[2] Giving the petition the benefit of an extremely liberal construction, the Court finds that Petitioner is claiming that:

(1) he was unlawfully stopped and arrested based on "fabricated evidence" and "discriminatory enforcement," and without probable cause;

(2) the trial court has violated his constitutional rights by denying his requests to subpoena witnesses, hire an investigator, and obtain certain unidentified "court transcripts;"

(3) the trial court has violated his constitutional rights by failing to order the prosecution to disclose certain allegedly exculpatory evidence; and

(4) the prosecution has "knowingly offered false evidence " during the course of various pre-trial proceedings.

(Id., pp. 4-5, § 12.)

For the reasons discussed below, the Court finds that none of Petitioner's current habeas corpus claims can be entertained in federal court at this time.

## II. DISCUSSION

The present case is different from most habeas corpus proceedings initiated by individuals in state custody, because Petitioner is not challenging a state criminal conviction or sentence, or any other final state court judgment. It is therefore doubtful that Petitioner is eligible for habeas corpus relief under 28 U.S.C. § 2254, which is the

---

[2] It is unclear whether Petitioner wants the Federal District Court to order the state court to dismiss the pending state criminal case.

traditional federal post-conviction remedy for individuals who are being detained by state authorities. Section 2254 is available only for individuals who are "in custody pursuant to <u>the judgment</u> of a State court." 28 U.S.C. § 2254(a) and (b) (emphasis added). See <u>Dickerson v. State of Louisiana</u>, 816 F.2d 220, 224 (5th Cir.) (detainee's "petition under 28 U.S.C. § 2254 is improper because that section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court'"), <u>cert</u>. <u>denied</u>, 484 U.S. 956 (1987); <u>Hirsch v. Smitley</u>, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999) ("[s]ection 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges"). Petitioner is not presently in custody pursuant to a final judgment of a state court, so the remedy provided by § 2254 does not appear to be available to him at this time.

However, a state detainee may be able to seek federal habeas relief before the entry of a final state court judgment under 28 U.S.C. § 2241.[3] <u>Dickerson</u>, 816 F.2d at 224 ("[p]re-trial petitions... are properly brought under 28 U.S.C. § 2241, which applies

---

[3] 28 U.S.C. § 2241(a) provides that –

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions...."

28 U.S.C. § 2241(c)(3) further provides that –

"The writ of habeas corpus shall not extend to a prisoner unless –
...
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States."

to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"); Hirsch, 66 F.Supp.2d at 986 ("[p]re-judgment habeas relief is available... under 28 U.S.C. § 2241"); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir.) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"), cert. denied, 449 U.S. 1014 (1980); Woodard v. Plummer, No. C 98-0040 CRB (PR), (N.D.Cal. 1998), 1998 WL 30092 at *1 ("[a] pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. § 2241(c)(3)"). Because the Petitioner in this case is not presently challenging a final state court order or judgment, his current petition will be treated as having been brought under § 2241, rather than § 2254.

However, even if the current petition is construed to be an application for relief under § 2241, it does not necessarily follow that Petitioner's current claims for relief can be adjudicated on the merits in this proceeding. Ordinarily, a state detainee must await the entry of a final state court judgment in order to satisfy the exhaustion of state remedies requirement and qualify for federal habeas corpus review. See Davis v. Mueller, 643 F.2d 521, 525 (8th Cir.) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), cert. denied, 454 U.S. 892 (1981). In Younger v. Harris, 401 U.S. 37 (1971), "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th

5

Cir. 1999), cert. denied, 529 U.S. 1038 (2000). "'Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.'" Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981), quoting Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974). See also Carden, 626 F.2d at 83-84 (federal courts will not interfere in state criminal proceedings before they become final except in "unusual," "extraordinary" or "special" circumstances).

There are few reported cases in which courts have actually found the type of "extraordinary circumstances" that allow for federal interference with ongoing (non-final) state criminal proceedings. Most of those cases involve double jeopardy claims. See e.g., Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992) ("[a] claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of Younger v. Harris," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause"), citing Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir.1992), cert. denied, 506 U.S. 1048 (1993), and Palmer v. Clarke, 961 F.2d 771, 774 (8th Cir.1992).

In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973), the Supreme Court sanctioned pre-trial federal habeas review of a speedy trial claim, but even speedy trial claims normally are not subject to federal habeas review before the apposite state court proceedings have been fully completed.[4] Although Petitioner's

---

[4] The Supreme Court emphasized two critical circumstances in the Braden case

current claims for relief are somewhat difficult to decipher, nothing in the petition suggests that he is attempting to bring to a speedy trial claim.[5]

In <u>Carden</u>, <u>supra</u>, the Ninth Circuit Court of Appeals opined that "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." 626 F.2d at 84. The Court's use of the word "proven" suggests that a claim of "harassment" or "bad faith" would not warrant pre-judgment federal interference in a state criminal case, unless the claim were supported by a

---

that permitted an exception to the general rule barring federal pre-trial review of pending state criminal proceedings. First, the petitioner in <u>Braden</u> was not seeking dismissal of the state criminal charges that had been filed against him, but rather, he was seeking to compel the state to bring him to trial on those charges. 410 U.S. at 489-90 ("<u>Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge</u>, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial") (emphasis added). Second, the petitioner in <u>Braden</u> had exhausted all of his available state court remedies, (including a petition to the Kentucky Supreme Court for a writ of mandamus), before seeking a federal writ of habeas corpus that would compel the state to bring him to trial. <u>Id</u>. at 490-91. The Court concluded that "<u>under these circumstances</u>" a federal pre-trial habeas proceeding "does not jeopardize any legitimate interest in federalism." <u>Id</u>. at 491-92 (emphasis added) Federal courts have consistently recognized that <u>Braden</u> does <u>not</u> authorize pre-trial federal habeas review of <u>all</u> speedy trial claims. Such claims can properly be entertained only under the circumstances present in <u>Braden</u> – i.e., only if (a) the petitioner is asking for a trial, and not dismissal of the criminal charges at issue, and (b) the petitioner has exhausted all available state court remedies for his speedy trial claim. <u>Sacco</u>, 649 F.2d at 636-37; <u>Dickerson</u>, 816 F.2d at 226-28; <u>Moore v. DeYoung</u>, 515 F.2d 437, 442 (3rd Cir. 1975); <u>United States ex rel. Scranton v. State of New York</u>, 532 F.2d 292, 296 (2nd Cir. 1976); <u>Dillon v. Orleans Parish Traffic Court</u>, No. Civ.A.06-2519 (E.D.La. 2006), 2006 WL 2686848 at * 2.

[5] Moreover, even if Petitioner were attempting to bring a speedy trial claim, that claim could not be entertained here, because there is nothing to indicate that Petitioner has previously raised a speedy trial claim in the state courts. <u>See</u> n. 4, <u>supra</u>.

substantial and credible factual record. This Court has not located any reported case in which such a claim has actually been upheld.

Although Petitioner has vaguely alleged that the "Trial Court Judge is not upholding the constitution and laws," (Petition, p. 4, § 12.B.), he certainly has not "proven" that the trial court has acted contumaciously. Petitioner obviously thinks that the trial court has committed several errors during the course of his pre-trial proceedings, but such notions are commonplace among defendants in state criminal cases. Petitioner has not presented any specific facts showing the type of extremely egregious misconduct that might possibly allow a federal court to interfere with state court pre-trial proceedings.

It cannot be overemphasized that federal courts will rarely interfere with an ongoing state criminal prosecution. Here, Petitioner has not come close to demonstrating the type of highly "extraordinary" circumstances that would warrant federal habeas review of a state criminal case before trial.

For the reasons discussed above, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained at this time, and that this action must be dismissed pursuant to Rule 4 of the Governing Rules. (See n. 1, supra.) However, the Court will recommend that this action be dismissed without prejudice, so that Petitioner can again seek federal habeas review of any federal constitutional claims he might want to raise, if a judgment is ultimately entered against him in his currently pending state criminal case.[6]

---

[6] Petitioner is reminded that any federal habeas corpus claims that he might

8

## III. COLLATERAL MOTIONS

Petitioner has filed a self-styled document entitled "Motion For Release Pending Appeal," (Docket No. 6), which is also before the Court at this time. In that motion, Petitioner requests an order that would cause him to be released from custody while his current habeas corpus petition is pending. Having determined that this action should be summarily dismissed, (for the reasons discussed above), the Court will recommend that Petitioner's collateral motion for release from custody be summarily denied.[7]

Finally, the Court notes that Petitioner did not pay the $5.00 filing fee for this action, but instead applied for leave to proceed in forma pauperis, (IFP). (Docket No. 2.) Because the Court has determined that this action should be summarily dismissed, it is recommended that Petitioner's IFP application be denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

---

seek to bring in the future will first have to be properly presented to, and decided by, the Minnesota Court of Appeals and the Minnesota Supreme Court. See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

[7] Petitioner alleges in his motion that he is being detained "indefinitely" without being "accorded a prompt hearing." Even if this argument is viewed as a "speedy trial" claim, it cannot be heard at this time, because there is no indication that Petitioner has

9

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3. Petitioner's "Motion For Release Pending Appeal," (Docket No. 6), be **DENIED**; and

4. This action be summarily dismissed without prejudice.

Dated: July 12, 2010

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 27, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

exhausted his state court remedies for any such claim. See n. 4 and n. 5, supra.